UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIDAL M. WHITLEY,

                      Plaintiff,

- *against* -

ADRIAN BOWDEN, R.N., et al.,

                      Defendants.

17cv3564(KMK)(LMS)

REPORT AND
RECOMMENDATION

**TO: THE HONORABLE KENNETH M. KARAS, U.S.D.J.**

Defendants have made a Motion to Dismiss this case for failure of the Plaintiff to participate in discovery and otherwise prosecute this action. Docket ## 73, 74. Plaintiff has opposed the motion. Docket # 77. No reply has been filed. For the reasons set forth below, I respectfully recommend to Your Honor that you deny the motion.

*Pro se* Plaintiff Vidal M. Whitley commenced this action on May 11, 2017, asserting claims under 42 U.S.C. § 1983 for, *inter alia*, violations of his rights under the Eighth and Fourteenth Amendments for deliberate indifference to his medical needs resulting from a drug overdose. Docket # 1, Complaint. On February 14, 2018, Defendants filed a Motion to Dismiss. Docket #31. By Opinion and Order filed May 10, 2018, Your Honor granted in part and denied in part the Motion to Dismiss, granting Plaintiff permission to file an Amended Complaint within 30 days.[1] Docket # 42. No Amended Complaint was filed. The claims remaining in the case were the Eighth Amendment claims against Defendants Bowden, Bucolo, and Bentivegna. Answers were filed by these three remaining Defendants on July 2, 2018. Docket ## 52, 53, and

---

[1] The facts alleged in the Complaint are set forth in Your Honor's Opinion and Order, and are not repeated here.

54. On September 20, 2018, a scheduling order was put into place. Docket # 65. On October 23, 2018, the case was referred to the undersigned for General Pre-trial purposes. Docket # 67.

The first scheduled appearance before the undersigned was on November 20, 2018. Plaintiff, who was still incarcerated in state prison at the time, appeared by telephone. According to Plaintiff, the maximum expiration date for his sentence was November 27, 2018. Docket # 41. The next conference was scheduled for December 20, 2018. Minute Entry for November 20, 2018. On December 20, 2018, counsel for Defendants appeared, but Plaintiff did not call either the Court or Defendants' counsel. Minute Entry for December 20, 2018. The matter was adjourned to January 17, 2019, and Plaintiff was cautioned that his failure to appear by telephone may result in the imposition of sanctions, including granting Defendants the opportunity to move to dismiss for failure to prosecute. On January 17, 2019, counsel for Defendants appeared, but Plaintiff did not contact either the Court or Defendants' counsel. Minute Entry for January 17, 2019. The matter was adjourned to February 13, 2019, and Plaintiff was cautioned that his failure to appear by telephone may result in the imposition of sanctions, including granting Defendants the opportunity to move to dismiss for failure to prosecute. On February 13, 2019, counsel for Defendants appeared, but Plaintiff did not reach out either to the Court or to Defendants' counsel. Minute Entry for February 13, 2019. Defendants were granted to March 11, 2019, to make their Motion to Dismiss for failure to prosecute. They filed their motion timely. Docket ## 73, 74.[2]

---

[2] Defendants' Motion consists of a Notice of Motion (Docket #73) and a Memorandum of Law (Docket #74). There are a variety of documents attached to the Memorandum of Law, but there is no Affidavit or Affirmation sufficient to identify those exhibits, as required by Local Civil Rules 7.1(a)(3), and 1.9. For this reason alone, the Motion could be denied for failure to comply with the Local Rules. The undersigned notes, however, that the initial Motion to Dismiss

On March 20, 2019, Defendants' counsel sent to the Court a copy of a letter sent to Plaintiff, acknowledging that Plaintiff had left counsel a voicemail message advising counsel that Plaintiff was, at that time, incarcerated in the Monroe County Jail, in Rochester, New York. Docket # 75. On March 25, 2019, Plaintiff sent a letter to the Court with his new address. Docket # 76. On March 19, 2019, Plaintiff sent to the Court his Opposition to Defendants' Motion to Dismiss.[3] Docket # 77. It was docketed on March 27, 2019.

Plaintiff's Opposition to the Motion to Dismiss consists of six pages containing one run-on sentence explaining his failure to appear and to respond, which is partially set forth here:

> Grounds of opposition I ask & or request the courts lienency [sic] as I would like to mention the fact that it is a very hard transition from being locked in a cell 23 & 1 for 8 ½ years & then being kicked & thrown out to a world thats [sic] moving so rapidly & yet demanding so much of you as mentioned in aag powers motion to dismiss things were mailed to an address I provided I'm sure yet I never recieved [sic] them at my Grandmothers house as she is 73 years old & she is suffering from memory loss & many other things so when she gets the mail I'm at work or a drug & alcohol class per parole or mental health my grandmother never told me anything came for me in the mail She doesn't remember that far back she loses a lot of stuff . . . so all though [sic] the courts sent things & AAG Janice Powers sent things I never received them however I would definately [sic] at this time like to remind everyone this is the 1st issue I've ever had with meeting an [sic] deadline & or anything of this nature vs Janice Powers taking and putting other cases before mine missing deadlines . . . or she takes a whopping 60 days to reply to one of my arguments so long that the Honorable Judge Karas has to step in & blow the whistle & say hey aag powers there will be no more extentions [sic] granted to you even though after that there were

---

filed by Defendants, Docket ## 31, 32, also had no Affidavit or Affirmation, and Your Honor nonetheless decided the Motion. This is, therefore, not a basis for my recommendation.

[3] There is no evidence that Defendants' counsel sent the Motion to Dismiss to Plaintiff at the Monroe County Jail, but by his response the undersigned presumes that it was, in fact, sent.

> extentions [sic] granted to aag Janice Powers yet here we are shoe on the other foot now all of a sudden Janice Powers isn't as understanding for me & others as she was for herself & her coworkers . . . FYI the day that the motion to dismiss 3/11/19 was sent to Grandmothers house via mail I was all ready [sic] sitting in jail for no apparent reason since 2/19/19 with that said I again ask the courts for lienency [sic] & allow me the pro se litigant to proceed I am currently sentenced to a 90 day program which is a DOCCS Alternative program providing that I am allowed to proceed – perhaps it will be easier to provide deposition upon myself I will notify the courts & aag Janice Powers as well . . . See Ms Powers I was released 11-27-18 too [sic] a world that is heartless cold deadly if I'm not careful & one that you probabally [sic] can't even imagine living in or fathom that exist [sic]. . . I do not deserve for any of my cases to be Dismissed & I apologize If I offended anyone with my personal life however I had to reviel [sic] why I wasn't in compliance with this case now that were [sic] all back on the same page you all can expect that there won't be any more mishapps [sic] of any sort coming from me . . . .

Docket # 77. Defendants have not replied to Plaintiff's opposition to their motion.

For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that Defendants' motion should be denied without prejudice.

## **DISCUSSION**

Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order . . . ." FED. R. CIV. P. 41(b). Thus, under Rule 41(b), a plaintiff is required to diligently prosecute his or her case. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). However, the Second Circuit has cautioned that a dismissal pursuant to Fed. R. Civ. P. 41(b) is a "harsh remedy," which should only be utilized in "extreme situations." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted). Additionally,

> It is well established that a court is ordinarily obligated to afford a

> special solicitude to *pro se* litigants. See Estelle v. Gamble, 429
> U.S. 97, 106,(1976); Triestman v. Fed. Bureau of Prisons, 470 F.3d
> 471, 474–75 (2d Cir. 2006); see also McDonald v. Head Criminal
> Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) ("[P]ro
> se litigants may in general deserve more lenient treatment than
> those represented by counsel."). The rationale underlying this rule
> is that a *pro se* litigant generally lacks both legal training and
> experience and, accordingly, is likely to forfeit important rights
> through inadvertence if he [or she] is not afforded some degree of
> protection. See Triestman, 470 F.3d at 475.

Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (parallel citations omitted). The Second Circuit has provided the following five factors for the court to consider before dismissing an action pursuant to Fed. R. Civ. P. 41(b):

> whether (1) the plaintiff's failure to prosecute caused a delay of
> significant duration; (2) plaintiff was given notice that further delay
> would result in dismissal; (3) defendant was likely to be prejudiced
> by further delay; (4) the need to alleviate court calendar congestion
> was carefully balanced against plaintiff's right to an opportunity for
> a day in court; and (5) the trial court adequately assessed the efficacy
> of lesser sanctions.

Id. (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit reviews dismissals pursuant to Fed. R. Civ. P. 41(b) only for abuse of discretion. Id. at 575.

In this case, a review of the five factors militates against dismissal. First, Plaintiff has delayed this case for just three months, from December 20, 2018, when he was scheduled to appear at a court conference by telephone, until March 20, 2019, when Defendants' counsel acknowledged that he had provided her his new address by telephone. Docket # 75. Although this case has a lengthy history, that history includes delay caused by the Court (Complaint filed May 11, 2017 (Docket # 1), service was effected on the Defendants and proof of service filed

5

with the Court on November 15, 2017, a delay of six months (Docket ## 11-15); consideration of Motion to Dismiss from day of full submission – April 20, 2018 – to date of decision – May 10, 2018 – a delay of 20 days (Docket ## 31, 32, 35, 36, 38, 41, 42); delay between filing of Defendants' Answers and the first conference, from July 2, 2018, to September 20, 2018, a delay of two months and 19 days)), and by Defendants (Docket ## 17 and 18 reflect Defendants' counsel's request for a total of 24 days' extension to file Answers on Defendants' behalf, followed on December 18, 2017, by a request for permission to file a motion to dismiss, occasioning an additional delay from December 21, 2017, to February 5, 2018, a 46 day delay (Docket ## 20, 21), followed on February 2, 2018, by a further request for an additional 10 day delay (Docket ## 27, 29), a total of 80 days' delay; following a decision on the Motion to Dismiss Plaintiff promptly notified the Court he would not amend his Complaint (Docket #46), but Defendants failed to Answer the remaining cause of action in the Complaint until the Court issued an Order requiring them to do so (Docket ## 48, 51), with Answers being filed on July 2, 2018, causing a further 15 day delay (Docket ## 52, 53, 54)). During at least part of the time of Plaintiff's three month delay, he was incarcerated – according to his Opposition to the Motion to Dismiss, he was re-incarcerated in County Jail since February 19, 2019, after having been released from state custody on or about his maximum expiration date of November 27, 2018.[4] The fact of Plaintiff's re-incarceration may not have affirmatively prevented Plaintiff from contacting the Court or counsel, but it certainly made such an effort more difficult.[5]

---

[4] See Docket # 41 ("My maximum expiration date is 11/27/18."), and #77 ("I was released 11-27-18").

[5] Defendants' counsel argues that Plaintiff failed to update his address after his release from state prison, but he did notify the Court, on the record, of his new address on November 20,

It is well settled that there is no specific period of time that must elapse before a plaintiff's failure to prosecute becomes significant enough to warrant dismissal. See Cain v. Simon & Schuster, 11cv4460, 2013 WL 1608620, at *3 (S.D.N.Y. Apr. 15, 2013) (citation omitted); Antonio v. Beckford, 05cv2225 (KMK), 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006).[6] Typically delays must endure for more than three months in order to warrant dismissal. See Cain, 2013 WL 1608620, at *3 ("In general, failure to prosecute for durations between two and five months have been found to be insufficiently long to weigh in favor of dismissal, while durations of five to eight months are usually sufficient."); see also Antonio, 2006 WL 2819598, at *2 (plaintiff's failure to comply with court deadline for more than four months favored dismissal); Caussade v. United States, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (plaintiff's failure to cooperate with counsel on discovery, and inaccessibility to counsel, with duration of more than seven months supported dismissal).

In this case Plaintiff's absence from conferences, and failure to comply with discovery deadlines, has lasted for barely three months. Plaintiff has explained that he did not receive mail sent to him, including from Defendants' counsel and from the Court, because his grandmother, with whom he was living, did not give him his mail. Docket # 77. He also asserts that the medication required by his parole officer made it difficult for him to remain alert ("I'm being forced to take serious psychotropic medications by [my parole officer] that cause me to sleep",

---

2018. This is sufficient to satisfy the writing requirement for updating his address. See Local Civil Rule 1.9.

[6] In the spirit of Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009), copies of all unpublished decisions cited herein have been provided to Plaintiff by the Court. It is not clear whether Defendants' counsel complied with Local Rule 7.2 by providing copies of unpublished opinions that are cited in the Memorandum of Law to the *pro se* Plaintiff.

7

Id. at p. 3). This was followed by a period of re-incarceration, which is apparently ongoing. Although Plaintiff was aware of at least the first conference that he missed, scheduled for December 20, 2018, this explanation is sufficient to explain his failure to participate in subsequent conferences. On or about March 19, 2018, Plaintiff became aware of the Motion to Dismiss and prepared his opposition. On or about March 20, 2018, Plaintiff notified Defendants' counsel of his new address at the County jail.

Thus, considering the first factor, it cannot be said that Plaintiff's failure was of such significant duration to support dismissal, especially where both the Court and Defendants' counsel caused additional periods of delay, as discussed *supra*. Consideration of the first factor supports denying the Defendants' Motion.

Additionally, it may be that Plaintiff did not ever receive the notifications for the conferences on January 17 and February 13, which were the notifications which contained the warning that failure to appear may result in sanctions, including dismissal. It is true that in the initial Order of Service (Docket # 9) the Court admonished Plaintiff that "Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the Action if Plaintiff fails to do so." However, this caution does not state that failure to appear or to participate in discovery may have such a drastic result. Without some assurance that Plaintiff actually received such notice of the potential consequences of failing to prosecute the matter, the second factor is not satisfied, and this factor therefore militates against dismissal.

The third factor is whether Defendants would be prejudiced by further delay. In light of the delay in this matter not caused by Plaintiff, it is difficult for the Court to ascertain how a three month delay would cause prejudice to Defendants. Defendants argue that "Delay can result in

the increased expense of litigation to the State and even the loss of key evidence due to faded memories of defendants and even of the expert retained in this case, changes in employment of key witnesses, and resources wasted time and resources [sic]." Docket # 74 at page 8. This argument is solely hypothetical, and identifies no actual prejudice to Defendants, it merely references theoretically possible prejudice. Additionally, Defendants argue that "Defendants have also been prejudiced by the fact that they have been forced to expend time and resources to defend this action and appear in person before the Court on several occasions when Plaintiff failed to appear by phone." Id. at page 9. It is difficult to understand how much expenditure of time and resources actually occurred, when, according to Google Maps, the time and distance for a person to walk between Defendants' counsel's office and the Courthouse is between 16 and 17 minutes, for a distance of 8/10 of a mile. By contrast, counsel in the case cited by Defendants, Wacha v. Town of Deerpark, 06cv15531, Docket ## 69 and 70 (S.D.N.Y. May 9, 2008), attended five conferences which Plaintiff failed to attend, and may have traveled from Carle Place (Long Island), New York, Buffalo, New York, Birmingham, Alabama, Middletown, New York, and Garden City (Long Island), New York, to attend those five conferences.[7] Id., Docket Sheet. Thus, the likely expenditure of time and resources in Wacha was much greater than what may have been expended in this case.

Defendants' counsel also argues that "Defendants have provided all discovery in its possession, and has received almost from Plaintiff [sic] in return." Docket # 75, at page 9. Even assuming that counsel meant to write that Defendants had received almost no discovery from

---

[7] The docket sheet does not make clear which attorneys, if any, actually appeared at any given conference for that case. In the instant case, Defendants' counsel did appear in person at each of the three conferences which were missed by Plaintiff.

9

Plaintiff, that is not a surprise; in the experience of the undersigned, plaintiffs in these types of cases rarely have very much discovery to produce. Moreover, Plaintiff has asserted that he received none of the mail sent to his grandmother's house after his release, some of which presumably related to discovery. Counsel also argues that Plaintiff's reluctance to sign a HIPAA release for his medical records is somehow evidence of prejudice to Defendants, even though on November 20, 2018, at the conference before the undersigned where Plaintiff did participate, he was ordered to sign such a release; this assertion has no relevance to any claim of prejudice against Defendants resulting from the failure of Plaintiff to prosecute for the period December 20, 2018, to March 20, 2018, when Plaintiff provided his contact information to Defendants' counsel, and, subsequently, to the Court.

Defendants' counsel also argues that there is somehow prejudice to Defendants because the case involves claims made by Plaintiff while he was a prisoner and he is now "a civilian who resides in Rochester New York." Id. Of course, we now know that he is re-incarcerated. The undersigned infers that Defendants' counsel's argument is that perhaps once he was released from prison Plaintiff should have had an easier time pursuing his claims, and that Defendants' counsel should not have had the burden of accommodating him, despite his *pro se* status. It is unclear where such an argument would come from, but in the view of the undersigned an attorney for any government, whether federal, state, or municipal, has an obligation not just to the client, but also to do justice. In this case, that may mean making accommodations for a *pro se* litigant who has extremely limited resources. See generally DaCosta v. City of New York, 296 F. Supp. 3d 569, 600 (E.D.N.Y. 2017), reconsideration denied sub nom. DaCosta v. Tranchina, 285 F. Supp. 3d 566 (E.D.N.Y. 2018) ("The rationale underlying the prosecutor's obligation to do justice—her

representation 'not of an ordinary party . . . but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all'—applies equally to attorneys who represent the government in civil disputes. See Freeport–McMoRan Oil & Gas Co. v. F.E.R.C., 962 F.2d 45, 47 (D.C. Cir. 1992) (holding that the principle in the Supreme Court's Berger [v. United States, 295 U.S. 78, 88 (1935) ] decision that 'government lawyers have obligations beyond those of private lawyers ... appl[ies] with equal force to the government's civil lawyers.').")

Counsel also relies on case law which allows prejudice against a defendant to be presumed as a result of a plaintiff's "unreasonable delay." Docket # 74 at page 9. In the instant case, however, the delay was not unreasonable, particularly compared with the cases cited – in Shannon v. Gen. Elec. Co., 186 F.3d 186 (2d Cir. 1999), Plaintiff had failed to pursue the matter for over two years, and ten years had passed since the original events; in Webb v. City of New York, No. 08 Civ. 5145 at *2 (E.D.N.Y. July 23, 2009), in a Report and Recommendation[8] which was subsequently adopted and then subsequently set aside (see Docket Sheet), Magistrate Judge Orenstein merely quoted the language from Shannon without discussion, but in that case the plaintiff, by counsel, had failed to effect service or take any other action for a period of eight months. The circumstances identified in Shannon and Webb are not present here.

The next part of Defendants' argument about prejudice is as follows: "the third factor weighs heavily in favor of Defendants because it prejudices Defendants to continue to labor on a

---

[8] Since a Report and Recommendation is not a Court's final ruling on a matter, Defendants' counsel properly cited to the actual decision which adopted the Report and Recommendation as the opinion of the court; nevertheless, counsel should also have given the subsequent history that the Judgment of Dismissal was subsequently set aside. See 08cv5145, Docket ## 5, 6, 10, and 34.

11

case without assurances from Plaintiff that, despite **her** failure to comply with court orders or make appearances, **she** is prepared to move forward with **her** case." Docket #74 at page 10 (emphasis added). In fact, Mr. Whitley, through his opposition letter, has assured the Court that he intends to move forward with his case.

For all of these reasons the third factor does not support dismissal of this matter.

Consideration of the fourth factor also does not support dismissal. Defendants' counsel argues: "a balancing of the court's interest in managing its docket is outweighed by Plaintiff's interest in receiving a fair chance to be heard." Id. The undersigned presumes that counsel intended to insert the word "not" before "outweighed," but that argument has no support. This case is two years old, but the first year of that time was taken up by service of the Complaint and a Motion to Dismiss, which was only partially successful. Another two months passed before Defendants filed their Answers. Thus, the case has actually had complete pleadings for eight months. This does not put it in the category of cases whose age supports dismissal.

Finally, as to the fifth factor, there has been no lesser sanction attempted or considered. The two decisions quoted by Defendants' counsel with regard to the fifth factor, Ayodele v. N.Y. Police Dep't., 07cv8573 (S.D.N.Y. Nov. 10, 2008), and Nials v. Bank of Am., N.A., 13cv5720 (S.D.N.Y. Apr. 22, 2015) are actually Reports and Recommendations, using identical language and written by the same Magistrate Judge, which did not "dismiss[ the] action for failure to prosecute . . . ," but rather only recommended dismissal. Those recommendations were accepted by later decisions of the District Judge, which is referenced in the citation to Nials but not in the citation to Ayodele, and in those later decisions the Reports and Recommendations were adopted as opinions of the Court. Ayodele involved a plaintiff who could not be located at the only

12

available address, and who failed to cooperate with discovery for a period of three months; the plaintiff did not respond to the motion to dismiss. Nials involved a failure to respond to discovery for seven months, as well as a failure to oppose the motion to dismiss. Those failures were far greater than the circumstance before the undersigned, in which the Plaintiff was unavailable for three months, but has now communicated with the Court and counsel, and has opposed the Motion to Dismiss. It is true that Plaintiff, currently incarcerated, is not likely to be capable of paying any fine or other monetary sanction; no other sanction, for example precluding certain categories of evidence or permitting certain jury instructions, has been suggested.

Under these circumstances the undersigned finds, and respectfully recommends, that none of the five factors supports the Defendants' motion for dismissal for failure to prosecute.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendants' motion to dismiss for failure to prosecute should be denied, without prejudice in the event of any future failure by Plaintiff to prosecute the action.

The undersigned does suggest to Plaintiff that after he is released from custody he should find a reliable means of receiving mail from the Court and from Defendants' counsel.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M.

Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas and should not be made to the undersigned.

Dated: April 4, 2019
      White Plains, New York

Respectfully submitted,

*Lisa Margaret Smith*
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of the foregoing Report & Recommendation have been sent to the following:

The Honorable Kenneth M. Karas

Vidal Maurice Whitley
10B2619
Monroe County Jail
130 S. Plymouth Ave.
Rochester, NY 14614