UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIDAL MAURICE WHITLEY,

                Plaintiff,

-against-

NURSE ADRIAN BOWDEN, et al.,

                Defendants.

**ORDER**

17-CV-03564 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff Vidal Maurice Whitely ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Nurse Adrian Bowden ("Bowden"), Lt. Orazio Bucolo ("Bucolo"), and Robert Bentivegna, M.D. ("Bentivegna" and collectively "Defendants") for their alleged deliberate indifference to his serious medical needs while incarcerated at Green Haven Correctional Facility in Stormville, New York. (*See generally*, Doc. 1, "Compl.").[1] Specifically, Plaintiff alleges that from August 4-5, 2016, Defendants ignored the fact that he overdosed by ingesting a total of fifty (50) unidentified pills—twenty (20) were ingested in front of Bowden and thirty (30) were swallowed "right in front of Lieutenant Bucolo." (*Id.* at 4-5).[2]

By motion dated November 4, 2019, Defendants moved for summary judgment on the grounds that: (1) Defendants were not deliberately indifferent; and (2) Plaintiff failed to exhaust his administrative remedies in compliance with the Prison Litigation Reform Act of 1996. (Doc. 98; Doc. 99, "Def. Br." at 7-20). After extending Plaintiff's time to oppose Defendants' motion four times (*see* Docs. 103, 106, 108, 110, 112), the Court deemed the motion fully submitted—with only Defendants' submission—on March 31, 2020 (Doc. 115).

---

[1] All other Defendants have been dismissed from this action. (*See* Docs. 7, 42).

[2] Citations to the Complaint correspond to the page numbers assigned by PACER.

For the reasons set forth below, Defendants' motion for summary judgment is DENIED without prejudice to refiling a motion in compliance with all applicable rules.

First, Defendants have filed only cover pages for eleven of the fifteen exhibits submitted in support of the pending motion. (*See* Docs. 98-2, 98-3, 98-4, 98-5, 98-7, 98-8, 98-9, 98-10, 98-11, 98-13, 98-14). While Judge Karas granted Defendants permission to file two specific documents—a hospital chart and a toxicology expert's declaration—by mailing underacted copies "to the Court and to Plaintiff and to use placeholders on ECF" (Doc. 96), the Order did not permit wholesale sealing of documents, despite Defendants' interpretation to the contrary (*see* Def. Br. at 3 (concluding that Judge Karas' Order extended to all exhibits purportedly containing protected health information)). In this District, parties seeking to file documents under seal in public cases must make a motion and "demonstrate that the interest to be protected by filing under seal outweighs the presumption of public access." *In re Electronic Filing Under Seal in Civil & Misc. Cases*, No. 19-MC-583 (S.D.N.Y. Dec. 19, 2019). Such an application must be made because according to the Second Circuit, "sealing of . . . documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). At best, Defendants have been granted leave to file two documents under seal; Defendants have not submitted an application as to the other nine exhibits, so the Court has not had an opportunity to determine whether sealing is appropriate as to those documents. The parties are also directed to consult Rule 5(B) of this Court's Individual Practices concerning the sealing of documents.

Second, it is unclear whether Plaintiff received complete copies of Defendants' "sealed" submissions. Defendants filed an Affidavit of Service, dated November 4, 2019, that represents "I

mailed the Defendants' Notice of Motion and Memorandum of Law in a sealed, postpaid wrapper . . . ." (Doc. 99-1). Defendants represent in their brief that "[t]he full motion with all exhibits will be provided to the Court and to Plaintiff via regular mail. A DVD will accompany the Court's copy with an electronic version of exhibits."[3] (Def. Br. at 3-4). However, in two letters dated November 26, 2019 and December 11, 2019, Plaintiff complained that he had not received a copy of Defendants' motion and Judge Karas—citing the public docket entries—directed the Clerk of the Court to mail copies of Defendants' filings to Plaintiff. (*See* Docs. 103, 106).

Third, even if the Court were inclined to rule on the motion despite the issues outlined above, Defendants have not complied with the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"). Specifically, Local Civil Rule 7.1(a)(3) provides that "all motions shall include . . . [s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." While "[t]here is no provision for filing freestanding exhibits unmoored to an affidavit or declaration made on personal knowledge," *Spears v. City of New York*, No. 10-CV-03461, 2012 WL 4793541, at *1 n.2 (E.D.N.Y. Oct. 9, 2012) (citing Fed. R. Civ. P. 56(c)(4)), that is exactly what Defendants have done here. Magistrate Judge Smith previously warned Defendants that motions can be denied for failure to comply with Local Civil Rule 7.1(a)(3) (Doc. 79 at 2 n.2); Defendants nonetheless violated the rule here by attaching their supporting exhibits to the Notice of Motion. (*See* Doc. 98). The failure to follow this rule and provide exhibits by way of affidavit or declaration can "serve[] as a basis for the Court to disregard all facts submitted" by Defendants. *Multiwave Sensor Inc. v. Sunsight Instr., LLC*, No. 16-CV-1361, 2017 WL 1498058, at *2 n.1

---

[3] Upon review of the Court's file, the Court has neither a complete physical copy of Defendants' filings in support of the motion for summary judgment nor a DVD.

3

(S.D.N.Y. Apr. 26, 2017) (discussing failure to comply with Local Civil Rule 7.1(a)(3)). Indeed, the documents sought to be relied upon are hearsay until such time as testimony or other evidence creates an exception to the hearsay rule.

Based upon the foregoing, Defendants' motion for summary judgment is DENIED without prejudice to refiling a motion in compliance with all applicable rules. Should they be so advised, Defendants are directed to refile and serve their motion for summary judgment on or before October 30, 2020. Plaintiff shall file and serve his opposition, if any, on or before November 30, 2020. Defendants shall file and serve their reply, if any, on or before December 11, 2020. The Clerk of the Court is respectfully directed to terminate the pending motion sequence (Doc. 98) and mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: New York, New York
       September 17, 2020

_____
PHILIP M. HALPERN
United States District Judge