UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIDAL MAURICE WHITLEY,

                Plaintiff,

        -against-

NURSE ADRIAN BOWDEN, et al.,

                Defendants.

**ORDER**

17-CV-03564 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Vidal Maurice Whitley ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action by a Complaint docketed on May 11, 2017. (Doc. 1). Plaintiff alleges generally that Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs while incarcerated at Green Haven Correctional Facility. (*Id.*).

On September 17, 2020, this Court denied without prejudice Defendants' motion for summary judgment and directed that the associated Order be mailed to Plaintiff. (Doc. 116). On October 2, 2020, that Order—which had been mailed to the address listed on the docket (Wende Correctional Facility, Wende Road, P.O. Box 1187, Alden, New York 14004-1187)—was returned to the Court "for the following reason(s): Return to Sender Attempted—Not Known Unable To Forward, RTS Don't have address, Paroled 5/15/2020." (Oct. 2, 2020 Entry).

Shortly thereafter, on October 13, 2020, this Court issued an Order reminding Plaintiff of his obligation to provide a current mailing address and directing him to "provide the Court with his new mailing address" within thirty days. (Doc. 117). That Order advised that the action would be dismissed "without prejudice if Plaintiff fails to provide the Court with an address for service." (*Id.*). The Court noted further in that Order that the docket in a separate action, *Whitley v. NYSDOCCS*, No. 17-CV-03652, listed Plaintiff's address as "360 St. Paul Street, Rochester, New

York 14605," and directed the Clerk of the Court to mail a copy of the September 17, 2020 Order *and* the October 13, 2020 Order to Plaintiff at the address in Rochester, New York. (*Id.*). That mailing was once again returned to the Court on October 26, 2020 "for the following reason(s): Return to Sender Not Deliverable As Addressed Unable to Forward." (Oct. 26, 2020 Entry).

On January 19, 2021, this Court issued an Order to Show Cause directing Plaintiff to "show cause in writing on or before February 19, 2021, why this action should not be dismissed for want of prosecution pursuant to Rule 41(b)." (Doc. 124). The Court warned specifically that "[f]ailure to respond to this Order will result in dismissal of this case without prejudice for want of prosecution." (*Id.*). The Court directed the Clerk of the Court to mail a copy of the January 19, 2021 Order to Show Cause, the October 13, 2020 Order, and the September 17, 2020 Order to the address listed on the docket (*i.e.*, Wende Correctional Facility) as well as two associated addresses in Rochester, New York. (*Id.*). No mailing has been returned and Plaintiff has not filed a response to the pending Order to Show Cause.

## STANDARD OF REVIEW

The Second Circuit has recognized that under Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v.*

2

*Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at \*2 (S.D.N.Y. Dec. 30, 2015) (dismissing

*pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

     Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh

remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d

206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.

1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S.

626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under

Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d

212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut*

*Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as

a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v.*

*Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d

458, 461 (2d Cir. 1993)).

     The Second Circuit has cautioned that "district courts should be especially hesitant to

dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v.*

*Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims

3

diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to respond to two separate Orders since October 2020. On October 13, 2020, this Court issued an Order advising that "[i]t is Plaintiff's obligation to provide the Court with an address for mail service," directing Plaintiff to provide his new mailing address within thirty days, and warning that his failure to provide a current address would result in dismissal without prejudice. (Doc. 117). Receiving no response, the Court issued an Order to Show Cause on January 19, 2021 and warned that the action would be dismissed for want of prosecution unless, on or before February 19, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 124). The failure to comply with these Orders supports dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018); *Lewis*, 2015 WL 4620120, at *3-4.

Second, Plaintiff has twice been warned that failure to comply with the Court's directives could result in dismissal of this action. The October 13, 2020 Order cautioned that failure to provide a current address would result in dismissal, and the January 19, 2021 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (Docs. 117, 124). Such warnings support dismissal. *See Evans v. City of Yonkers*, No. 19-CV-00794, 2020 WL 7496356,

at *3 (S.D.N.Y. Dec. 18, 2020); *Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and, in fact, has not filed anything in this matter since a letter docketed on March 30, 2020. (Doc. 113).

Fourth, the Court has balanced the need to alleviate court congestion with Plaintiff's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since October 2020 the Court has issued two Orders pressing Plaintiff to participate in this action and update his address; he has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate the motion sequence associated with Defendants' pending motion for summary

5

judgment (Doc. 118) as moot, terminate this action, and mail a copy of this Order to Plaintiff to

the address listed on the docket as well as the following two addresses:

Vidal Whitley
360 St. Paul Street, Apt. 413
Rochester, New York 14605

Vidal Whitley
574 Joseph Center
Rochester, New York 14605

**SO ORDERED:**

Dated:    New York, New York
          February 23, 2021

PHILIP M. HALPERN
United States District Judge